UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES HOLMES,

        Petitioner,

v.                                              CASE NO. 2:07-13177
                                               HONORABLE AVERN COHN

C. EICHENLAUB,

        Respondent.
_____/

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

### I. Introduction

This is a habeas case under 28 U.S.C. § 2241. Petitioner James Holmes, proceeding pro se, is an inmate at the Federal Correctional Institution in Milan, Michigan where he is serving a twenty-year sentence for engaging in a continuing criminal enterprise. Before the Court are Petitioner's Application for a Writ of Habeas Corpus and his Motion to Expedite.[1] Respondent says that Petitioner has failed to exhaust his administrative remedies and his claim is not ripe for review and therefore asks that the petition be dismissed. The Court agrees. The reasons follow.

### II. Background

Petitioner claims that the Federal Bureau of Prisons ("BOP") refuses to consider the factors enumerated in 18 U.S.C. § 3621(b) when deciding whether inmates are eligible for placement in a Residential Re-entry Center ("RRC"), also known as a

---

[1] Petitioner filed the motion to expedite on November 1, 2007. In light of the Court's decision, the motion is MOOT.

Community Corrections Center or halfway house. Petitioner contends that the BOP's policy of not making individualized assessments, using the factors enumerated in § 3621(b), violates his constitutional right to due process of law. He requests that the Court order the BOP to immediately consider him for community confinement without reference to 28 C.F.R. §§ 570.20 and 570.21.

### III.  Discussion

### A.  Exhaustion of Administrative Remedies

The doctrine of exhaustion of administrative remedies "provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." Fazzini v. Northeast Ohio Corr. Ctr., 473 F.3d 229, 232 (6th Cir. 2006). Thus, "[f]ederal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241." Id. at 231.

> The exhaustion requirement generally is
> 
> required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

Weinberger v. Salfi, 422 U.S. 749, 765 (1975). Exhaustion of administrative remedies "serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." McCarthy v. Madigan, 503 U.S. 140, 145 (1992). Exceptions to the exhaustion requirement exist if pursuing such remedies would be futile, such as when the administrative body lacks competence to resolve an issue, is biased, or has predetermined the issue, or when resort to the administrative remedy may cause undue prejudice to assertion of the claim in a subsequent court action. Id. at 146-48.

2

Here, the BOP maintains an administrative remedy program through which inmates may seek formal review of issues relating to any aspect of their confinement. See 28 C.F.R. § 542.10(a). The administrative procedures require prisoners to submit a request for administrative remedy to the warden of the prison, to the regional director for the BOP, and to General Counsel for the BOP. See 28 C.F.R. §§ 542.13-15. "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels." Irwin v. Hawk, 40 F.3d 347, 349 n.2 (11th Cir. 1994).

Petitioner has made no effort to exhaust administrative remedies for his due process claim, and the exceptions to the exhaustion requirement do not apply. Although Petitioner contends that it would be futile to exhaust administrative remedies, the rationale for requiring exhaustion is greatest when, as here, the parties are expected to develop the issues in an adversarial administrative proceeding. Sims v. Apfel, 530 U.S. 103, 110 (2000). Exhaustion of administrative remedies also serves a purpose "when a significant number of aggrieved parties, if given the choice, would not voluntarily exhaust." Woodford v. Ngo, __ U.S. __, __, 126 S. Ct. 2378, 2385 (2006).

Prisoners are reluctant to voluntarily exhaust administrative remedies, and a significant number of prisoners are likely to be aggrieved by the BOP's policy on placement in an RRC. Frequent and deliberate flouting of the administrative process could weaken the BOP's effectiveness by encouraging disregard of its procedures. McCarthy, 503 U.S. at 145. Moreover, the possibility exists that the BOP will reconsider its current policy. Under these circumstances, exhaustion of administrative remedies is not futile and the policy considerations underlying the exhaustion doctrine require exhaustion of administrative remedies in this case.

## B. Ripeness

Article III, § 2, of the United States Constitution provides federal courts with jurisdiction only over "cases" and "controversies." The Court is "obliged under Article III to limit its jurisdiction to ripe cases, to avoid issuing advisory opinions based upon hypothetical situations." Briggs v. Ohio Elections Comm'n, 61 F.3d 487, 493 (6th Cir. 1995). "Ripeness focuses on the timing of the action rather than on the parties who bring the suit." People Rights Organization, Inc. v. City of Columbus, 152 F.3d 522, 527 (6th Cir. 1998). "In the context of a pre-enforcement challenge, a case is ripe for review only if the probability of the future event occurring is substantial and of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id. (quotation marks and end citations omitted).

As noted above, Petitioner has not requested placement in a RRC, and his projected release date is March 18, 2010. The Court therefore concludes that Petitioner's claim is not ripe for review.

## IV. Conclusion

For the reasons stated above, Petitioner has not exhausted administrative remedies for his claim, and his claim is not ripe for review. Accordingly, the petition is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.


Dated: November 13, 2007           s/Avern Cohn
                                   AVERN COHN
                                   UNITED STATES DISTRICT JUDGE

**07-13177 Holmes v. C. Eichenlaub**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and James Holmes, 17085039, FCI-Milan, Inmate Mail/Parcels, P.O. BOX 1000, Milan, MI 48160 on this date, November 13, 2007, by electronic and/or ordinary mail.

                                           s/Julie Owens
                                           Case Manager, (313) 234-5160